UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA ]
]
v. ] Cr. No. 18-Cr 20-01-PB
]
MICHAEL VAILES ]

## **DEFENDANT'S MOTION ON UNPRESERVED EVIDENCE**

Defendant Michael Vailes respectfully moves through counsel that the Court schedule a hearing on this motion prior to the commencement of evidence and if it determines that the government failed to preserve potentially exculpatory evidence dismiss the instant indictment, or in the alternative give a "spoliation" instruction, allowing the jury to infer that the unpreserved evidence would have been unfavorable to the prosecution.

Vailes is charged under 18 U.S.C. § § 1791(a)(2) & d(1)(B) with possessing on or about December 16, 2017 while an inmate at FCI Berlin three prohibited objects designed or intended to be used as weapons: two metal objects sharpened to a point at one end and wrapped with braided material at the other end and one plastic object sharpened to a point a one end.

Discovery includes a video recording taken in the FCI Berlin day room where Vailes was housed on December 16, 2017.  The video appears to show a correctional officer lifting some sort of cloth from a chair under which the three shivs were found. On August 28 counsel learned that the cloth was possibly a blanket assigned to an inmate and that on each such blanket there are the name, registration number, and laundry designation for the specific inmate to which it is assigned.  Discovery includes a report that a latent fingerprint recovered from one of the shivs did not match Vailes but rather an inmate assigned to a cell adjacent to Vailes' cell.  If the cloth removed from the chair in the dayroom was a blanket with the name and number of an inmate

1

other than Vailes, that evidence would be exculpatory, particularly if they were for the same inmate whose latent fingerprint were found on one of the shivs.

The government agreed to determine if the cloth recovered from the chair has been preserved. The trial date was continued to October 2, 2018 so that the government could make that determination. On September 10 the government advised that the cloth was not preserved and is no longer available.

The Due Process Clause of the Fifth Amendment entitles Vailes to access to any evidence which is in the government's exclusive control and which could create a reasonable doubt that he knowingly possessed the shivs. In *United States v. Agurs*, 427 U.S. 97, 112 (1976) the Supreme Court stated if the prosecution fails to disclose material evidence that "creates a reasonable doubt that did not otherwise exist constitutional error has been committed." In post-trial appeals, the Court has described "the area of constitutionally guaranteed access to evidence" as extending to physical evidence which is favorable to the accused and which is material to guilt or punishment. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867-68 (1982). When the government is responsible for the loss of evidence to the accused, there is a constitutional violation only if the loss prejudiced the defense. *Valenzuela-Bernal*, 458 U.S at 868.

As the First Circuit Court of Appeals has stated, "*Arizona v. Youngblood*, 488 U.S. 51, 57-58, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988), and related cases do recognize a due process violation where the government destroys evidence in a criminal case, but not in all circumstances." *United States v. Laurent*, 607 F.3d 895, 900 (1st Cir.2010), *cert. denied*, 562 U.S. 1182 (2011). A critical distinction is between evidence that appeared to be exculpatory before it was destroyed, "for which the failure to preserve is a due process violation even without

bad faith," and "evidence that was only potentially useful for the defense, for which the defendant must establish the government's bad faith to show a violation." *Id.*

The Court should conduct a hearing to determine if a cloth covered the shivs found on the chair, if it was a blanket assigned to an inmate, if an inmate's name and number were sewn into it, if so whose name and number, and how that potential exhibit became unavailable. Such evidence would be material. It would buttress a defense that, even if Vailes was the inmate who placed the chair found by a corrections officer in a common day room, he did not put the shivs under the blanket and he did not know they were there. That defense is not far-fetched. A latent print found on one of the shivs matched a fingerprint of an inmate who on December 16, 2017 was housed in the cell next to Vailes'. There was no such match for Vailes.

The facts in this case differ significantly from those in *Laurent*, in which a Manchester Police Department video tape of a drug transaction had been routinely erased pursuant to standard practice months after it was made. Here it appears that federal correctional authorities failed to preserve potentially exculpatory evidence which was material to charges that they clearly intended to pursue immediately upon the recovery of the shivs on December 16 either by a disciplinary hearing at FCI Berlin and/or by indictment and prosecution in this Court.

As an inmate, Vailes has no access to evidence comparable to the blanket, if that is what the cloth was, "by other reasonably available means," *California v. Trombetta*, 467 U.S. 479, 489, 104 S. Ct. 2528, 81 L. Ed. 2d 413 (1984). The Court should conduct a hearing to determine if the government failed to preserve potentially exculpatory evidence which was in its exclusive control.

Depending on what is established at a hearing on this motion, the Court should either dismiss the indictment or give a spoliation instruction, whereby the jurors could infer that the

3

unpreserved evidence would have been unfavorable to the prosecution. *United States v. Laurent*, 607 F.3d at 902.

The government opposes the relief sought herein.

No memorandum accompanies this motion because it contains supporting authority.

WHEREFORE, it is respectfully requested that the Court grant said relief and such other and further relief as may be just.

> Respectfully submitted,
>
> MICHAEL VAILES
> By His Attorney,
>
> /s/ Bjorn Lange
> Bjorn Lange (NHBA # 1426)
> Assistant Federal Public Defender
> 22 Bridge Street-3rd Fl.
> Concord, NH 03301
> Tel. 603-226-7360
> Bjorn_Lange@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2018 the above document was served via ECF to AUSA Donald A. Feith and that a copy will be mailed to the defendant.

> /s/ Bjorn Lange
> Bjorn Lange